JAMES N. TRACY III, ESQ. (JT 3875)
TANSEY TRACY LLC
1725 Richmond Road
Staten Island, New York 10306
Attorneys for Plaintiff, CSC Holdings, LLC

| | |
|---|---|
| CSC HOLDINGS, LLC, IN ITS CAPACITY AS PLAN SPONSOR OF THE CABLEVISION CHOICEPLUS MEDICAL PLAN,<br><br>Plaintiff(s),<br>vs.<br><br>JOSE M. RODRIGUEZ and QUELLER, FISHER, WASHOR, FUCHS & KOOL, LLP,<br><br>Defendant(s). | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>CASE NO:<br><br>**COMPLAINT** |

Plaintiff, CSC Holdings, LLC, in its capacity as Plan Sponsor of the Cablevision ChoicePlus Medical Plan, pleads as follows:

## **PARTIES**

1. The Plaintiff, CSC Holdings, LLC, is the Plan Sponsor of the Cablevision ChoicePlus Medical Plan, an employee welfare benefits plan. The Plaintiff is located at 1111 Stewart Avenue, Bethpage, New York 11714.

2. Upon information and belief, Defendant, Jose M. Rodriguez, is a citizen and resident of the State of Georgia with a last known address of 495 Teresa Lane, Canton, Georgia 30115.

3. Upon information and belief, Defendant, Queller, Fisher, Washor, Fuchs & Kool, LLP, is a law firm with offices located at 233 Broadway, Suite 1800, New York, New York 10279.

**JURISDICTION AND VENUE**

4. This action is for relief under 29 U.S.C. § 1132(a)(2) & (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Consequently, this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) of ERISA and 28 U.S.C. § 1331.

5. Pursuant to 29 U.S.C. § 1132(e)(2) of ERISA, venue is proper in this Court because a Defendant resides in this District.

**COUNT ONE**
**(To Enforce Plan Terms)**

6. Jose M. Rodriguez (hereinafter "Rodriguez") sustained various injuries as the result of a motor vehicle accident that occurred on or about January 19, 2011 (hereinafter "the Accident").

7. At the time of the Accident, Rodriguez was enrolled as a participant in the Cablevision ChoicePlus Medical Plan (hereinafter "Medical Plan").

8. The Medical Plan is, and was at all relevant times, an employee welfare benefits plan governed by the material provisions of the ERISA, 29 U.S.C. § 1001, *et seq*.

9. CSC Holdings, LLC (hereinafter "CSC") is, and was at all relevant times, the Plan Sponsor of the Medical Plan.

10. In 2011, $109,437.39 in accident-related medical benefits were paid on behalf of Rodriguez by the Medical Plan (hereinafter "Subject Benefits").

11. The Subject Benefits were self-funded, not insured, through contributions by CSC/Cablevision and by participating employees.

12. At the time the Subject Benefits were paid, the terms and conditions of the Medical Plan, as set forth in the governing plan document, included the following:

> **Subrogation**
>
> If your injury or illness was caused by the action or inaction of another person or party, that person or party may be responsible for your hospital or medical bills. Automobile accident injuries or personal injury suffered on another's property are examples.
>
> Since collecting payments for these expenses from the third party may take a long time, the Plan will provide the appropriate benefits and then seek repayment from any settlement you may receive. You may be asked to sign a form which acknowledges the Plan's right to be reimbursed and verifies that you will help the Plan secure its rights. If you bring a liability claim against a third party, benefits payable under the Plan must be included in the claim. When the claim is resolved, you must reimburse the Plan for the benefits provided. If you do not bring a claim for reimbursement, the Plan has the right to do so in your place. The Plan will have first priority in any recovery whether the Company or you seeks reimbursement and regardless of the manner in which the recovery is structured or worded (i.e., the recovery may seek to limit the Plan's reimbursement by stating that amounts paid do not represent medical expenses). The Plan's reimbursement will not be reduced by attorney's fees.

13. In or about 2011, Rodriguez filed a personal injury action in the Supreme Court of the State of New York, Kings County, captioned "*Jose M. Rodriguez v. Boro Transit Inc., et al*" Index No. 24656/2011, wherein he alleged that the Accident and his

resultant injuries were caused by the negligence of various third parties (hereinafter "Personal Injury Action").

14. Rodriguez was represented in the Personal Injury Action by Defendants, Queller, Fisher, Washor, Fuchs & Kool, LLP (hereinafter "Law Firm").

15. Upon information and belief, all claims asserted by Rodriguez in the Personal Injury Action were settled in or about October 2014 for the total amount of $1,900,000.00 (hereinafter "Settlement Proceeds").

16. Defendants have refused to reimburse the Medical Plan in violation of the above-referenced plan terms.

17. The Medical Plan, by and through said plan terms, has an equitable lien by agreement/constructive trust on the Settlement Proceeds in the amount of the Subject Benefits.

18. Upon information and belief, the Settlement Proceeds are traceable to and in the possession of one or both of the Defendants.

WHEREFORE, Plaintiff demands that the terms of the plan be enforced and the Court impose an equitable lien consistent therewith on the Settlement Proceeds in the amount of the Subject Benefits, and that the Defendants be ordered to reimburse such amount to the Medical Plan from such funds, together with any judgment and post-judgment interest or other relief to which the Plaintiff is entitled, including reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## COUNT TWO
### (Breach of Fiduciary Duty)

19. Plaintiff repeats and alleges the above allegations of this Complaint as if set forth at length herein.

20. Monies recovered by the Medical Plan through the exercise of its reimbursement rights, such as those sought herein, are used to pay the benefits of plan participants, and therefore, constitute plan assets.

21. In failing to reimburse the Medical Plan for the Subject Benefits out of the Settlement Proceeds, Defendants have gained authority and/or control over plan assets to which they are not entitled.

22. By exercising authority and/or control over the management and/or disposition of said plan assets, the Defendants are "fiduciaries" with respect to the Medical Plan as that term is defined by 29 U.S.C. § 1002(21) of ERISA.

23. In withholding said proceeds and using and/or holding same for their own benefit, Defendants have obstructed the Medical Plan's access to such funds and breached their fiduciary duties to the Plan under 29 U.S.C. § 1104 of ERISA.

24. Defendants, as the result of breaching their fiduciary duties, are personally liable to the Medical Plan for the cost of the Subject Benefits.

WHEREFORE, Plaintiff demands judgment against Defendants awarding damages in the amount of the Subject Benefits against either or both of the Defendants, together with any judgment and post-judgment interest or other relief to which the

Plaintiff is entitled, including reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

Dated:  July 9, 2018

                                    TANSEY TRACY LLC
                                    1725 Richmond Road
                                    Staten Island, New York 10306
                                    (718) 233-3785
                                    Attorneys for Plaintiff, CSC Holdings, LLC


                       By:     s/ James N. Tracy
                                 James N. Tracy